UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO )<br>)<br>Plaintiff,                )<br>)<br>v.                           )<br>)<br>UNITED STATES POSTAL SERVICE )<br>)<br>Defendant            )<br>) | Civil Action No. 1:06CV00726 (CKK) |

**ANSWER OF DEFENDANT
UNITED STATES POSTAL SERVICE**

The United States Postal Service (hereinafter, "the Postal Service" or "Defendant")

hereby answers the Complaint in this case:

<u>Affirmative Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>Answers to Complaint's Numbered Paragraphs</u>

Defendant responds to each paragraph and prayer for relief as follows:

1. This paragraph consists of Plaintiff's characterization of this proceeding. No answer appears to be necessary. Insofar as an answer is deemed necessary, Defendant denies the allegations in this paragraph.

2. This paragraph consists of Plaintiff's characterization and quotation of 39 U.S.C. § 3661(b). No answer appears to be necessary. Insofar as an answer is deemed necessary, Defendant admits the allegations in this paragraph.

3. This paragraph consists of Plaintiff's characterization of 39 U.S.C.

        § 3661(c). No answer appears to be necessary. Insofar as an answer is deemed necessary, Defendant admits the allegations in this paragraph.

4. Insofar as these allegations consist of plaintiff's statements of legal conclusions and not factual allegations, no answer appears necessary. Insofar as an answer is deemed necessary to such legal conclusions, Defendant denies the allegations. Defendant denies this paragraph, insofar as it alleges as a matter of fact that Defendant began implementation of any changes in postal services as part of a nationwide or substantially nationwide program, without first requesting an advisory opinion from the Postal Rate Commission regarding those changes. Defendant also denies this paragraph, insofar as it alleges as a matter of fact that its request was not submitted to the Postal Rate Commission for review in a "reasonable" time before the first of any such service changes have been or will have been implemented, within the meaning of 39 U.S.C. § 3661, as implemented by 39 C.F.R. § 3001.72.

5. This paragraph consists of Plaintiff's statement of a legal conclusion, in response to which no answer appears to be necessary. Insofar as an answer is deemed necessary, Defendant denies that Plaintiff has been or will be irreparably injured by any action of Defendant which is the subject of the Complaint. The Defendant also denies that any of its actions which are the subject of this Complaint have violated 39 U.S.C. § 3661 or that any such violation is imminent.

6. This paragraph consists of Plaintiff's statement of a legal conclusion regarding the jurisdiction of this Court, in response to which no answer appears to be is necessary. Insofar as an answer is deemed necessary, Defendant admits that this Court has jurisdiction to hear the Complaint.

7. This paragraph consists of Plaintiff's statement of a legal conclusion regarding the venue of this proceeding, in response to which no answer appears to be necessary. Insofar as an answer is deemed necessary, Defendant denies that venue is proper. Defendant admits that its principal place of business is in Washington, D.C.

8. Defendant admits the first sentence in this paragraph. Defendant lacks sufficient information with which to form a belief as to the allegations in the second and third sentences in this paragraph, insofar as they relate to mail volume generated by the Plaintiff and its affiliates. Defendant admits the fourth sentence in this paragraph. Defendant lacks sufficient information with which to form a belief as to the allegations in the fifth sentence in this paragraph.

9. Defendant admits the allegations in this paragraph.

10. Defendant denies this paragraph insofar as it alleges that Defendant began development in 2001 of a plan to analyze and redesign its existing mail processing network. At that time, Defendant began development of computer optimization and simulation models that, when ultimately operable, could be utilized as analytical tools for planning a future mail processing network and for testing the feasibility of proposals to shift operations among specific mail processing facilities to realize that future network. Defendant admits that the optimization and simulation models under development at that time were part of a Network Integration and Alignment (NIA) program that has since been renamed Evolutionary Network Development (END).

11. Defendant lacks sufficient information with which to form a belief as to the allegation that it agreed to provide a copy of its "NIA plan" to the Plaintiff "no later than 2002."

12. Defendant denies that its plans for the redesign of its mail processing network were sufficiently developed for use to any degree in or about December 2002, or that it embarked on any centralized plan for mail processing network realignment in or about December 2002. Defendant also denies that the optimization and simulation models referenced above in paragraph 10 were sufficiently developed for use as tools as part of any such plan in or around that time.

13. Defendant incorporates by reference its answer to paragraph 12. Defendant denies this paragraph insofar as it alleges or implies that Defendant utilized its (formerly NIA) Evolutionary Network Development optimization and/or simulation models to centrally direct a nationwide plan for network realignment or operational consolidation before 2006. Defendant admits that, for decades, it has maintained Area Mail Processing (AMP) review procedures, USPS Handbook PO-408 (March 1995), through which independently developed local management proposals for facility-specific operational consolidations are circulated up the chain-of-command to headquarters for review and consideration. Defendant admits that, since 2004, 17 such locally developed proposals (6 in 2004 and 11 in 2005) were approved; one such proposal in 2005 resulted in the closure of a postal facility; the other 16 involved shifting various mail processing operations among facilities. Defendant admits that review and approval of all such locally developed AMP consolidation proposals was put on hold for a time in 2002-2004. Defendant admits that this moratorium on review and approval of local AMP proposals was imposed to ensure that no locally developed proposals would be approved that might later be determined to have resulted in the establishment of roles for affected facilities that would be

      incompatible with the roles those facilities might play in a future mail processing network designed through use of the END optimization and simulation models. Defendant denies this paragraph insofar as it implies at these local operational consolidation proposals were initiated at headquarters or through use of the END models. Defendant denies that either END/NIA or the AMP review procedures have, since 2002, resulted in the closure of approximately 30 mail processing facilities. Defendant admits that END/NIA can be expected to result in the shifting of operations among postal facilities on a systemwide basis, and that such consolidation of operations could lead to the closure of some facilities.

14. Defendant denies that it has not revealed its systemwide Evolutionary Network Development network realignment strategy, which is the subject of its February 14, 2006, request for an advisory opinion in Postal Rate Commission Docket No. R2006-1. Defendant admits that its network realignment strategy was under development for nearly five years.

15. Defendant admits that the former Network Integration & Alignment (NIA) program has transformed into and been re-named the Evolutionary Network Development (END) program. Defendant admits that, in all material respects, END has inherited the methodologies, data inputs, and objectives of the optimization and simulations models developed under the NIA acronym.

16. This paragraph consists of Plaintiff's characterization of and quotation from 39 U.S.C. § 3661(b). No answer appears to be necessary. Insofar as an answer is deemed necessary, Defendant admits the allegations in this paragraph.

17. This paragraph consists of Plaintiff's characterization of and quotation of a passage from 39 U.S.C. § 3661(b), which is implemented by 39 C.F.R. § 3001.72.  No answer appears to be necessary.  Insofar as an answer is deemed necessary, Defendant admits that § 3661 requires that a request for an advisory opinion be filed with the Postal Rate Commission "within a reasonable time prior to the effective date of such proposal."  Defendant also admits that 39 C.F.R. § 3001.72 states that such a request must be filed at least 90 days before the Postal Service implements any proposed service changes.  Defendant's 39 U.S.C § 3661(b) request in Postal Rate Commission Docket No. N2006-1 was filed on February 14, 2006.  As of the date of the filing of this Answer, Defendant has not implemented any service changes arising from that request.  Accordingly, Defendant denies this paragraph, insofar as it alleges that Defendant implemented any changes that are a part of its systemwide Evolutionary Network Development program less than 90 days after February 14, 2006.

18. Defendant admits that earlier Postal Rate Commission dockets initiated in response to requests filed under 39 U.S.C. § 3661(b) have ranged in duration from approximately four to approximately 12 months from the date of the request to the issuance of the advisory opinion.

19. Insofar as the paragraph should be interpreted as alleging that 39 U.S.C. § 3661, as implemented by 39 C.F.R. 3001.72 *et seq.*, requires any minimum or maximum length of time before the issuance of an advisory opinion, such an assertion is not an allegation of fact, but constitutes a legal conclusion to which no response appears to be required.  Insofar as an answer is deemed necessary, Defendant denies the

allegation. Insofar as the paragraph should be interpreted as alleging that 39 U.S.C. § 3661, as implemented by 39 C.F.R.

§ 3001.72, requires Defendant to wait longer than 90 days from the filing of its request before implementing any service changes that are the subject of that request, such an assertion is not an allegation of fact, but constitute a legal conclusion to which no response appears to be required. Insofar as a response is deemed required, Defendant denies the allegation.

20. Defendant admits that, on February 14, 2006, it filed a request seeking a non-binding advisory opinion from the Commission regarding service changes that Defendant anticipates will result from operational consolidations implemented in pursuit of its Evolutionary Network Development realignment initiative.

21. Defendant admits the allegation in this paragraph. As of the date of the filing of this Answer, Defendant denies that any service changes expected to arise from the plan submitted to the Postal Rate Commission for review on February 14, 2006, have been implemented.

22. Defendant admits that, concurrently with its February 14, 2006 request in Docket No, N2006-1, it proposed an expedited procedural schedule that, if adopted by the Commission, would have permitted the Commission to issue its advisory opinion within a "reasonable" time prior to the anticipated May 15, 2006 effective date of the first service changes to result from its Docket No. N2006-1 proposal, within the meaning of 39 U.S.C. 3661(b), as implemented by 39 C.F.R. § 3001.72.

23. Defendant admits that in Order No. 1453, Notice And Order Concerning Postal Service Request For An Advisory Opinion On Changes In Postal Services (February

7

17, 2006), the Postal Rate Commission stated its preference that a less expeditious Docket No. N2006-1 procedural schedule for the consideration of the Postal Service's request be adopted. Defendant also admits that the Commission reiterated that preference at the Docket No. N2006-1 pre-hearing conference on March 24, 2006, during which it declined to adopt the expedited procedural schedule proposed by Defendant.

24. Defendant admits the allegation in this paragraph.

25. Defendant admits the allegations in this paragraph.

26. Defendant lacks sufficient information with which to form a belief as to which season in 2006 the Commission's Docket No. N2006-1 advisory opinion might be issued.

27. Defendant denies this paragraph, to the extent that it alleges that, as of the date of this Answer, any service changes arising from the pursuit of the Evolutionary Network Development realignment plan currently undergoing review in Docket No. N2006-1 have been implemented.

28. Defendant incorporates by reference its answer to paragraph 13. Defendant denies the first sentence of paragraph 28, insofar at it alleges that operations at the postal facilities referenced therein were selected for Area Mail Processing review in the summer of 2005. The 10 facilities listed in paragraph 28 of the Complaint were nominated by their respective local district or area postal managers for AMP review at various times, some as early as 2001. Defendant admits that in 2005, based on facility roles that were expected to be adopted for purposes pursuing Evolutionary Network Development, it determined that none of these 10 locally developed AMP operational consolidation proposals suggested roles for the affected facilities that

would be incompatible with the potential roles those facilities could play in a future mail processing network.  Defendant admits that, on this basis, it permitted each these long-pending, locally-developed AMP consolidation proposals to move forward though the AMP review process.  Defendant denies this paragraph, insofar as it alleges that these consolidation proposals were initiated or resolved by use of the END models.

29. Defendant admits the allegation in this paragraph.

30. Defendant admits that, in conjunction with the implementation of the Olympia, Washington AMP operational consolidation plan identified in      paragraphs      28 and 29, it currently plans to move the last pickup times on eight (of 420) collection boxes in the Olympia 985 3-digit ZIP Code area from times that are currently at or after 5:00p.m. to times that are before 5:00p.m.   Defendant admits that, when this local plan is implemented, some First-Class Mail currently originating and postmarked in Olympia will be postmarked in Tacoma, Washington.  Defendant denies that the Olympia AMP plan calls for any such First-Cass Mail with an overnight service standard to be downgraded to a 2-day service standard.  Defendant lacks sufficient information with which to form a belief as to the assertion that the service for such mail will be "adversely affected."

31. Defendant admits the allegations in this paragraph.

32. Defendant admits this paragraph, insofar as it alleges that it Evolutionary Network Development initiative is designed to subject the  operations at all of the mail processing plants in its network to review for the purpose of determining whether redundant and inefficient operations and transportation can be reduced or eliminated.

9

        Defendant admits this paragraph, insofar as it alleges that 41 candidate facilities were identified as of February 14, 2006, and that most are currently undergoing review for this purpose.

33. Defendant admits this paragraph, insofar as it alleges that some of the facility-specific determinations to be made as part of its Evolutionary Network Development initiative could result in the transfer of under-utilized mail processing equipment to facilities where it will be better utilized. Defendant lacks sufficient information with which to form a belief as to the extent to which this will occur or whether equipment transfer expenses will be "substantial" in relation to a standard not specified in the allegation.

34. Defendant admits that the paragraph consists of an accurate quotation from a portion of 39 U.S.C. § 101(a).

35. Defendant admits that the paragraph consists of an accurate quotation from a portion of 39 U.S.C. § 101(b).

36. Defendant admits that the paragraph consists of an accurate quotation of 39 U.S.C. § 403(b)(3).

37. Defendant denies this paragraph, to the extent that it alleges as a matter of fact or law, that the Postal Reorganization Act, as implemented by either the Postal Service or the Postal Rate Commission, requires the formal solicitation of public comments and concerns of the mailing public, as part of the Evolutionary Network Development initiative. Defendant also denies this paragraph, to the extent that it alleges that Defendant has not established and implemented formal processes for the pre-decisional solicitation of public comment regarding local operational consolidation

        proposals developed in pursuit of the objectives of its Evolutionary Network Development initiative.

38. Defendant admits that internally developed proposals to consolidate mail processing operations as a part of the Evolutionary Network Development initiative are based upon consideration of internal postal costs only. Defendant denies this paragraph, insofar as it alleges that the pre-decisional public comment process referenced above in paragraph 37 precludes the mailing public from making assertions about its costs and burdens for Defendant to consider.

39. This paragraph consists of the statement of legal conclusions in the form of characterizations of 39 U.S.C. § 3661(b) and (c) to which no answer is required. Insofar as an answer is deemed required, Defendant admits the allegations, to the extent that they refer exclusively to the aforementioned subsections of 39 U.S.C. 3661 and not to the postal solicitation of public comment referenced above in paragraphs 37 and 38.

40. Defendant admits that it is authorized under 39 U.S.C. § 3661, as implemented by 39 C.F.R. § 3001.72, to implement the first service changes resulting form its Evolutionary Network Development realignment initiative 90 days after the filing of its February 14, 2006, PRC Docket No. N2006-1 request. Defendant lacks sufficient information with which to form a belief as to whether an advisory opinion in that docket will be issued before any such changes are implemented.

41. Defendant lacks sufficient information with which to form a belief as to the allegations in this paragraph.

42. Defendant, which has long-standing processes in place for post-implementation review and, if necessary, reversal of operational consolidations in its Area Mail Processing Guidelines (Handbook PO-408 -- March 1995), denies that such consolidations are impractical to reverse or would result in irreparable harm to Plaintiff, its affiliates, or to the mailing public.

43. Defendant lacks sufficient information with which to form a belief as to the assertion that the benefits of requiring it to cease implementation of its Evolutionary Network Development initiative -- until such time that it has had an opportunity to reflect upon a non-binding advisory opinion to be issued by the Postal Rate Commission in response to its February 14, 2006, Docket No. N2006-1 request -- outweigh any potential harm to Defendant caused by the delay in waiting for the issuance of such an opinion.  Defendant denies this paragraph, insofar as it asserts that that Defendant, as of the date of this Answer, is required by 39 U.S.C. § 3661 or 39 C.F.R. § 3001.72 to delay implementation of any service changes arising from its February 14, 2006, Docket No. N2006-1 request until such time as it has had an opportunity to reflect upon a non-binding advisory opinion issued by the Postal Rate Commission.

44. Defendant denies that Plaintiff is entitled to the relief requested in this paragraph.

45. Defendant denies that Plaintiff is entitled to the relief requested in this paragraph and that the Court is authorized to grant such relief.

46. Defendant denies that Plaintiff is entitled to the relief requested in this paragraph and that the Court is authorized to grant such relief.

   Defendant hereby denied each and every other allegation in this complaint that has not been otherwise addressed above.

Defendant denies that Plaintiff is entitled to any relief from this Court.

Defendant denies any and all other allegations of the Complaint not expressly admitted.

Dated: June 26, 2006          Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Of Counsel
UNITED STATES POSTAL SERVICE
Michael T. Tidwell, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer was filed via the Court's electronic filing system on this June 26, 2006 and is expected to be served by the Court's electronic transmission facilities to:

Darryl James Anderson
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington DC 200005-4126
202 898 1707 (phone)
202 683 9276 (fax)
danderson@odsalaw.com


_____/s/_____
ANDREA McBARNETTE
Assistant United States Attorney