UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 1:06CV00726 (CKK) |
| UNITED STATES POSTAL SERVICE | ) ) ) |
| Defendant | ) ) |

## JOINT RULE 16.3 REPORT

The parties respectfully submit this case management plan as required by LCvR 16.3(c), setting forth the parties' proposals regarding the matters specified in LCvR 16.3(c) and providing a proposed scheduling order.

The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

1. **Whether the case is likely to be disposed of by dispositive motion.**

    Yes.

    **Whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

    A dispositive motion has not been filed and the parties do not recommend to the Court that discovery await a decision on the motion.

2. **The date by which any other parties shall be joined or the pleadings amended.**

    Plaintiff does not anticipate joining any other parties.

    Defendant does not anticipate that additional parties will need to be joined or pleadings amended. Defendant would object to the complaint being amended.

**Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

    Unknown at this juncture.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

    The parties do not consent to assignment to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

    The parties would consider the possibility of settlement at this time.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

    The parties and counsels have discussed alternative dispute resolution ("ADR") and the parties do not believe that the case would benefit from ADR.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

    Yes.

**Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**

    **Dispositive motions**: 30 days from the close of discovery.

    **Oppositions**: 30 days after service of dispositive motions.

    **Replies**: 30 days after service of oppositions.

**Proposed date for a decision on the motions.**

60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

No.

8. **How long discovery should take.**

180 days.

**What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

Defendant believes that there are four individuals (Robert Field, Parnab Shah, David William, Jeffrey Williamson) with any pertinent knowledge on this case. All four reported to senior executive management. Defendant would object to depositions of the senior executive management as they would not have details regarding the issues of this case.

**Whether a protective order is appropriate.**

Yes.

**A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

180 days from the initial scheduling conference.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

The parties do not anticipate the use of experts as this time.

**Whether and when depositions of experts should occur.**

The parties do no anticipate the use of experts as this time.

10. **In class actions, appropriate procedures.**

    N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

    No.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    30 days after a decision on the dispositive motions.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    A trial date will be set at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    N/A.

The Court is respectfully referred to the accompanying proposed Scheduling Order.

Dated: July 27, 2006                Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Counsel for Defendant



DARRYL JAMES ANDERSON, D.C. Bar #154567
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington DC 200005-4126
202 898 1707

Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing JOINT RULE 16.3 REPORT and the accompanying order has been served on July 27, 2006 by the Court's electronic transmission facilities to:

Darryl James Anderson
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington DC 200005-4126
202 898 1707 (phone)

Attorney for the Plaintiff

                                  /S/
                              ANDREA McBARNETTE
                              Assistant United States Attorney