UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06CV00726 |

**STATEMENT OF THE CASE**

Pursuant to the July 5, 2006 Order for Initial Scheduling Conference, the American Postal Workers Union, AFL-CIO (hereinafter "APWU" or "Plaintiff") submits this brief statement of the case.

This is an action by the APWU for a declaratory judgment finding that the United States Postal Service (hereinafter "Postal Service") has violated Section 3661 of the Postal Reorganization Act.  Section 3661(b) requires that "[w]hen the Postal Service determines that there should be a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Rate Commission requesting an advisory opinion on the change."  39 U.S.C. § 3661(b).   The Postal Rate Commission is required to provide users of the mail an opportunity for a hearing on the record before issuing an advisory opinion.  39 U.S.C. § 3661(c).

The APWU contends that the Postal Service has begun implementation of its nationwide program (called Evolutionary Network Development, or "END") without submitting it to the Commission a reasonable time prior to the program's effective date, and without receiving an advisory opinion from the Commission, in violation of Section 3661(b). The Postal Service contends, Statement of the Case at 2, that "[o]n May 22, 2006, the Postal Service initiated the first operational changes associated with its END program, but has not yet implemented any related changes in postal services." This Postal Service Statement disregards the ten examples of its END program that it submitted to the Commission for review in February 2006.

The evidence will show that the Postal Service began implementing its END program in the fall of 2005, several months before it submitted the plan to the Postal Rate Commission on February 14, 2006, by generating and sending to field managers a list of facilities that local managers were to consider consolidating. The evidence also will show that consolidation initiatives begun before END was operational were subsequently reviewed using the END program and then implemented, and that adverse service impacts from these changes have occurred, contrary to the Postal Service's assertion. These END results, which the Postal Service has disregarded in its Statement of the Case filed in this matter, occurred before the Postal Rate Commission was given an opportunity to consider them and issue its advice, in violation of Section 3661(b).

The APWU proposes that the entire official record in the END case submitted to the Postal Rate Commission (PRC Case No. N2006-1) be deemed a part of the record in this case and be available to the parties in filing or responding to motions.

Dated: August 1, 2006                                  Respectfully submitted,


                                  O'DONNELL, SCHWARTZ & ANDERSON, P.C.


By:_____/s/_____
        Darryl J. Anderson
        DC Bar Number 154567
        Jennifer L. Wood
        1300 L Street NW Suite 1200
        Washington, DC 20005-4178
        (202) 898-1707  FAX: (202) 682-9276