UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES POSTAL SERVICE )<br>)<br>Defendant. )<br>) | Civil Action No. 1:06CV00726 (CKK) |

MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, through counsel, respectfully moves this Court to dismiss Plaintiff's complaint with prejudice for lack of subject matter jurisdiction and mootness. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it. LCvR 7 (m).

January 18, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | Civil Action No. 1:06CV00726 (CKK) | |
| UNITED STATES POSTAL SERVICE ) ) | | |
| Defendant. ) ) | | |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff American Postal Workers Union ("APWU") commenced this action against the the Defendant, United States Postal Service ("Postal Service") regarding its Evolutionary Network Development ("END") program. Plaintiff seeks: 1) a declaratory judgment finding that the Postal Service violated Section 3661 of the Postal Reorganization Act ("PRA"); 2) a preliminary injunction until October 2006, "to provide the Postal Rate commission a reasonable amount of time to conduct hearings and issue an opinion; and 3) permanent injunction of the Postal Service from implementing any future modifications pursuant to END until the Postal Rate Commission has issued its advisory opinion. Compl. ¶ 44- 46. On December 19, 2006, the Postal Rate Commission issued its advisory opinion. Exhibit A. Because the Court has no jurisdiction to review an advisory opinion issued under § 3661 of the PRA and because the Plaintiff's request for injunctions are now moot, the Court should now dismiss this action.

**BACKGROUND**

Pursuant to 39 U.S.C. § 3661(b), "when the Postal Service determines that there should be a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Rate Commission requesting an advisory opinion on the change." 39 U.S.C. § 3661(b).

On February 14, 2006, acting in accordance with 39 U.S.C. § 3661(b), the United States Postal Service requested that the Postal Rate Commission issue an advisory opinion relating to changes in postal services that the Postal Service expected to implement in conjunction with its Evolutionary Network Development (END) realignment initiative. The Postal Rate Commission designated the matter as Docket No. N2006-1.

The APWU intervened in Postal Rate Commission Docket No. N2006-1 on February 15, 2006,[1] and began conducting discovery two days later. The Postal Rate Commission conducted a hearing in Docket No. N2006-1 and the APWU cross-examined Postal Service witnesses and APWU submitted testimony which was admitted into evidence. The parties filed Initial Briefs and Reply Briefs on October 19 and 26, 2006, respectively. The APWU alleged in Docket No. N2006-1 the same allegation in the instant Complaint, that the Postal Service had violated § 3661 of the PRA.

The Commission issued its advisory opinion on December 19, 2006, thus concluding Docket No. N2006-1. Exhibit A. No where in the Commission's advisory opinion is there a finding that the Postal Service had violated § 3661 of the PRA. See Commission's Advisory

---

[1] Plaintiff filed this complaint on April 21, 2006.

Opinion, Exhibit A.

## ARGUMENT

**I.     Standard of review**

When faced with a facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court applies substantially the same standard of review that is used to evaluate Fed. R. Civ. P. 12(b)(6) motions. Arbitraje Casa De Cambio v. United States Postal Serv., 297 F. Supp. 2d 165, 168 (D.C. Cir. 2003). The court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions. Id; Taiwo Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992). Nor must the court accept legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

**II.    The Court has no jurisdiction to review an advisory opinion issued under 39 U.S.C. § 3661**

With respect to the planning, review and execution of changes in postal services of at least substantially nationwide scope, the Postal Service and the Commission have specific roles that are established by 39 U.S.C. § 3661. Section 3661(b) requires that, if the Postal Service intends to implement a substantially nationwide service change, it must file its request for an advisory opinion a reasonable time before implementing the proposed service change. The Postal Service is not bound by or required to act upon the Commission's advisory opinion. See 39 U.S.C. § 3661. In pertinent part, § 3661 states that:

> (b)     When the Postal Service determines that there should be a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the

3

>   effective date of such proposal, to the Postal Rate Commission requesting an advisory opinion on the change.
>
>   (c)   The Commission shall not issue its opinion on any proposal until an opportunity for hearing on the record under sections 556 and 557 of title 5 has been accorded to the Postal Service, users of the mail, and an officer of the Commission who shall be required to represent the interests of the general public.  The opinion shall be in writing and shall include a certification by each Commissioner agreeing with the opinion that in his judgment the opinion conforms to the policies established under this title.

See also 39 C.F.R. § 3001.71 *et seq.*[2]

Section § 3661 does not provide for judicial review.  Buchanan v. United States Postal Service, 508 F. 2d 259, 263 (5th Cir. 1975) (finding judicial review does not extend to proceedings initiated under § 3661).  In distinguishing between the House of Representatives version of the service change review procedures and what ultimately emerged from the legislative process to become § 3661, the 5th Circuit Court of Appeals observed that:

>   An early house version had included provisions which made the opinion of the PRC binding on the Postal Service, established an administrative procedure for changes of less than nationwide impact, and provided for judicial review.  The deletion of these three provisions demonstrates congressional concern with minimizing the hurdles in the path of a postal management decision.  To place a broad and expansive interpretation on the reach of § 3661 would be inconsistent with this expression of congressional will.

Buchanan, 508 F. 2d at 263.  Courts should infer foreclosure of judicial review "where Congressional intent to preclude judicial review is 'fairly discernible' in the detail of the particular legislative scheme."  Ismailov v. Reno, 263 F. 3d 851, 854-55 (8th Cir. 2001).  As the 5th Court observed in Buchanan, the Congressional intent to bar judicial review is fairly

---

[2]  Under the Commission's regulations, at least 90 days before implementing any change in any postal service of at least a substantially nationwide nature, the Postal Service is obliged to request a non-binding advisory opinion from the Commission regarding whether such change would conform to the policies of the Act.

discernible regarding the Commission's opinions on § 3661 matters.

In addition, under the recently enacted Postal Accountability and Enhancement Act of 2006 (Public Law 109-435), § 3661 carries forward without amendment. Judicial review is available only under the terms of new §§ 3663 and 3664. New section 3663 permits review by the United States Court of Appeals for the District of Columbia of any "final order or decision" of the Postal Regulatory Commission. New section 3664 states that:

> The several district courts have jurisdiction specifically to enforce, and to enjoin and restrain the Postal Service from violating any order issued by the Postal Regulatory Commission.

Advisory opinions of the Commission issued under § 3661 are not binding on the Postal Service. Accordingly, by definition, a non-binding advisory opinion issued under § 3661 is not a "final order or decision" under § 3663 or an "order" of the Commission within the meaning of § 3664. Moreover, new sections 3663 and 3664 do not apply to any Commission action taken before December 21, 2006, the effective date of the Postal Accountability and Enhancement Act. The Commission's advisory opinion for Docket No. N2006-1 is dated December 19, 2006. See Exhibit A.

### III.     Plaintiff cannot pursue judicial review of the Commission's advisory opinion

Even though APWU intervened in the matter of Docket No. N2006-1 and was afforded an opportunity to fully litigate in front of the Commission, the APWU failed to persuade the Commission that the Postal Service violated § 3661(b). Now the APWU seeks to relitigate this issue in the District Court. The Commission's advisory opinion did not have a finding that the Postal Service violated § 3661 (b). See Exhibit A. The APWU requests that this Court review whether the Postal Service violated § 3661 (b) again, despite the Commission's advisory

opinion. However, as discussed above, there is no judicial review of the Commission's disposition of matters litigated under 39 U.S.C. § 3661. See Buchanan, 508 F. 2d at 263. Now that the Commission has issued its advisory opinion, the Court should dismiss this complaint.

## IV.     Plaintiff's requests for injunctions are now moot

Plaintiff requested that the Court grant two injunctions: 1) a preliminary injunction until October 2006 to provide the Postal Rate commission a reasonable amount of time to conduct hearings and issue an opinion; and 2) permanent injunction of the Postal Service from implementing any future modifications pursuant to END until the Postal Rate Commission has issued its advisory opinion. Compl. ¶ 44- 46. The Commission conducted a hearing and issued its advisory opinion. Therefore, Plaintiff requests for injunctions are now moot and the Court should dismiss the Complaint.

**CONCLUSION**

For these reasons, the Defendant respectfully requests that this Court dismiss the complaint against the Defendant.

January 18, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Motion to Dismiss and its accompanying proposed order was filed via the Court's electronic filing system on this January 18, 2007 and is expected to be served by the Court's electronic transmission facilities to:

Darryl James Anderson
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington DC 200005-4126
202 898 1707 (phone)
202 683 9276 (fax)
danderson@odsalaw.com

                                      /s/
                              ANDREA McBARNETTE, D.C. Bar  #483789
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 514-7153