UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>  Plaintiff,<br><br>       v.<br><br>UNITED STATES POSTAL SERVICE<br><br>  Defendant. | Civil Action No. 06-00726 (CKK) |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant, United States Postal Service, hereby files this reply in support of its motion to dismiss. Even though Plaintiff does not dispute that this Court has no jurisdiction to review an advisory opinion issued under § 3661 of the Postal Reorganization Act ("PRA"), Plaintiff asks this Court to review claims under § 3661 that were fully litigated in front of the Postal Rate Commission[1] ("Commission"), which issued an advisory opinion on December 19, 2006. Accordingly, this Court should dismiss the Complaint.[2]

**ARGUMENT**

**I.      Plaintiff cannot pursue judicial review of the Commission's advisory opinion**

Plaintiff does not dispute that there is no judicial review of the Commission's disposition of matters litigated under 39 U.S.C. § 3661. Buchanan v. United States Postal Service, 508 F. 2d 259, 263 (5th Cir. 1975) (finding judicial review does not extend to

---

[1] Renamed the Postal Regulatory Commission on December 21, 2006 by operation of Public Law 109-435.
[2] Plaintiff does not dispute that the request for injunctive relief in the Complaint is now moot. Compl. ¶ 44- 46. In fact, the Plaintiff stated in its opposition that it does not seek an injunction. Opp. 2.

1

proceedings initiated under § 3661). On December 19, 2006, the Commission issued an advisory opinion regarding Plaintiff's allegation of violations of the PRA. The Commission did not find that Defendant had violated the PRA. Because the Court may not review the Commission's 2006 advisory opinion, the Court should dismiss the case.

**II.    The Commission resolved the dispute between the parties over the alleged violations of 3661(b).**

*1.    Plaintiff's Arguments*

Plaintiff unsuccessfully litigated the same arguments before the Commission that it argues in this instant action. Docket No. N2006-1 APWU Initial Brief, Opp. 1-8. In sum, Plaintiff argues that the Defendant's timing of the submission of its plan to the Commission violated the PRA. Plaintiff argues that the initiation of the implementation of the RDC-based network realignment plan (or the substantially nationwide service change, within the meaning of 39 U.S.C. § 3661(b)) constituted the initial conception of the END optimization and simulation models in 2001 as well as the implementation of service changes resulting from 10 local operational consolidation proposals beginning in February 2006. Id. Plaintiff argues that any service changes resulting from these 10 local, independently generated AMP decisions violated § 3661, since such activity occurred earlier than a reasonable time after the filing of the Docket No. N2006-1 request. Plaintiff further argues that § 3661 prohibits the Postal Service from implementing any RDC-based network realignment service changes until either eight months after the filing of its Docket No. N2006-1 request or until the Commission's Docket No. N2006-1 opinion was issued. See Docket No. N2006-1, APWU Initial Brief at 5-7 (October 19, 2006)[3] and Opp., 1-8.

*2.    Defendant's Arguments*

---

[3] See, http://www.prc.gov/docs/54/54301/APWUInitialBriefN2006-1.pdf .

Plaintiff's Docket No. N2006-1 claims were fully refuted by Defendant, which stated that the 10 isolated October 2005 consolidation decisions were not a part of the RDC-based network strategy or subject to review under § 3661.  See, Docket No. N2006-1 Initial Brief of the United States Postal Service at 20-21 (October 19, 2006), [4] and Reply Brief of the United States Postal Service at 5-15 (October 26, 2006).[5]  The Docket No. N2006-1 record shows that the 10 local operational consolidations were not generated by the END optimization model; they had been proposed locally and, in many cases, languished for years while headquarters decided if and when it would implement a national realignment plan. These proposals were merely checked against the END simulation model in October 2005, to ensure that the facility roles proposed locally and independently thorough the Handbook PO-408 process did not conflict with roles for those facilities that would emerge in the event that the Postal Service were ultimately to decide, as it did in February 2006, to pursue its RDC-based network realignment strategy.  Id.

3.     *Commission's Decision and Resolution of the Case*

The Commission issued its advisory opinion on December 19, 2006.  MTD Ex. A, Advisory Opinion.  The Commission did not make a finding that the local service changes -- implemented as early as February 2006 -- were a part of that nationwide RDC-based initiative, or that the Postal Service prematurely implemented any RDC-based service changes before a reasonable time after the filing of its Docket No. N2006-1 request, within the meaning of § 3661(b).[6]  In short, the Commission did not find that the Defendant's timing of  the submission of the plan to the Commission violated the PRA.  Although the

---

4  See, http://www.prc.gov/docs/54/54290/Intial.Brief.Final.pdf.
5  See, http://www.prc.gov/docs/54/54544/Reply.Brief.FINAL.pdf.
6  See,  PRC Op. N2006-1 http://www.prc.gov/docs/55/55431/N2006-1AdvDec.pdf.

3

Plaintiff is not satisfied with the Commission's advisory opinion, there is no judicial review of the Commission's disposition of matters litigated under 39 U.S.C. § 3661. See Buchanan, 508 F. 2d at 263. Now that the Commission has issued its advisory opinion, the Court should dismiss the Complaint.

**III.    Plaintiff's claims have not evaded review**

Plaintiff's argument that this case is not moot because there is an actual case in controversy is without merit as is Plaintiff's assertion that its claims evaded review. Opp. 10. Plaintiff argues that, "if the issuance of a PRC Advisory Opinion on the merits of a plan can moot any pending dispute about the timing of the submission of the plan to the PRC, then the issue will never be adjudicated." However, the timing issue was litigated -- as reflected in Plaintiff's Initial Brief dated October 19, 2006 before the Commission, the very agency charged with administering the terms of § 3661. Docket No. N2006-1 APWU Intial Brief. Despite Plaintiff's explicit urging, the Commission declined to conclude that any of the service changes were improperly timed in relation to § 3661, as implemented by 39 C.F.R. § 3001.72. See MTD Exhibit A, Commission's Advisory Opinion.

**IV.     Plaintiff's reliance on Weinstein is misplaced**

Plaintiff argues that the timing of the Defendant's submission of the plan to the Commission is not a moot issue "because it is capable of repetition, yet evading review." Opp. 10. The "capable of repetition, yet evading review" doctrine articulated in Sosna v. Iowa, 419 U.S. 393 (1975), is described in Weinstein v. Bradford, 423 U.S. 147 (1975). The doctrine is limited to the situations where two elements combine:

(1)     the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and

(2)     there was a reasonable expectation that the same complaining party would be subjected to the same action again.

Weinstein, 423 U.S. at 149.

Plaintiff can not meet the first prong of the test because, as discussed above, this issue has not evaded review and in fact, was fully litigated. Even assuming, however, that Plaintiff could satisfy the first prong, Plaintiff can not satisfy the second. There must be a "reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein, at 149. Plaintiff's claims are fact specific regarding the "timing of 10 of the first AMPs vetted through the new system" and these claims are exclusive to this case. Opp. 10. Plaintiff does not explain how or why this issue is capable of being repeated or that the Plaintiff will be subject to the same action again.[7] In James v. U.S. Department of Health and Human Services, 824 F.2d 1132, 1136 (D.C. Cir. 1987), it was determined that, "[i]n order to satisfy the 'reasonable expectation' factor, there must exist not merely a

---

7    Defendant notes that in the 37-year history of § 3661, there have only been five requests for advisory opinions regarding substantially nationwide service changes. Docket No. N2006-1 is the only one filed since 1989, and it is the only one in which a party alleged that the timing of the request or the implementation of service changes purportedly related to that request violated § 3661.

'physical or theoretical possibility' of a recurrence . . . ." The core determining factor is whether the controversy is capable of repetition. See, Honig v. Doe, 484 U.S. 305, 318 n.6. (1988). Here, Plaintiff does not present a reasonable expectation that the controversy is capable of repetition.

Finally, even if Plaintiff could satisfy both prongs of the Weinstein test, this Court does not have jurisdiction to hear Plaintiff's claim. The legislative history of § 3661[8] and the holding in Buchanan, make clear that there is no judicial review of a substantive claim litigated in a § 3661 case. Therefore, this Court should dismiss the Complaint for want of jurisdiction.

## V. Plaintiff's request for judicial monitoring of implementation is without foundation in fact or law

Plaintiff alleges, based on a paraphrasing of a statement made by a senior postal executive in a trade association newsletter, that the Defendant has decided to modify its network plan significantly. Opp., 9. Plaintiff seeks judicial review of the implementation of the realignment plan reviewed in Docket No. N2006-1. See also Plaintiff's January 30, 2007 Motion To File Supplemental And Amended Complaint. The PRA does not provide for judicial review and monitoring of a service change plan after that plan has been subjected to the § 3661 administrative review process. In pertinent part, however, § 3662(a), as amended by the Postal Accountability and Enhancement Act Public Law 109-435 (December 21, 2006) provides that:

> Any interested person who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 5601, or this chapter (or regulations promulgated under any of these provisions) may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

---

8  See MTD at 4.

Amended § 3662(c) further states that:

> If the Commission finds the complaint to be justified, it shall order the Postal Service to take such action as the Commission considers appropriate to achieve compliance with the applicable requirements and to remedy the effects of noncompliance . . . .

Accordingly, although no judicial review is permitted under the PRA, Plaintiff may pursue Commission review of the post-Docket No. N2006-1 implementation of the RDC-based network realignment plan. Insofar as Plaintiff seeks to amend the instant Complaint to invite judicial review of the current implementation of the RDC-based realignment plan reviewed in Docket No. N2006-1, the Complaint should be dismissed with prejudice and Plaintiff's request to conduct or expand the scope of discovery should be denied.

## **CONCLUSION**

For these reasons, the Defendant respectfully requests that this Court dismiss the complaint against the Defendant.

February 28, 2007               Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing REPLY was filed via the Court's electronic filing system on this February 28, 2007 and is expected to be served by the Court's electronic transmission facilities to:

Darryl James Anderson
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington DC 200005-4126
202 898 1707 (phone)
202 683 9276 (fax)
danderson@odsalaw.com

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　ANDREA McBARNETTE, D.C. Bar  #483789
　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　(202) 514-7153